**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
**MEDIA PRODUCTS, INC.,**            )
    **Plaintiff,**                    )   Civil No.
                                    )   12-11722-NMG
    **v.**                            )
                                    )
**DOES 1-175,**                      )
    **Defendants.**                   )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

    This case is one of several copyright infringement actions brought in this district by adult film producers against large numbers of "Doe" defendants.[1] The plaintiffs' filings in these cases are virtually identical and have been brought by the same attorney. On November 30, 2012, following the lead of other sessions of this Court, this session ordered plaintiff to show cause why its claims against each "Doe" defendant ought not be severed under Fed. R. Civ. P. 20 and 21.

    Having reviewed plaintiff's response, this Court adopts the reasoning ably propounded by Judge Saylor in <u>New Sensations, Inc. v. Does 1-175</u>, Civ. No. 12-11721, 2012 WL 5389921 (D. Mass.

---

[1] See, e.g. <u>New Sensations, Inc.</u> v. <u>Does 1-175</u>, Civ. No. 12-11721 (D. Mass.), <u>New Sensations, Inc.</u> v. <u>Does 1-83</u>, Civ. No. 12-10944 (D. Mass.); <u>Third Degree Films</u> v. <u>Does 1-72</u>, Civ. No. 12-10760 (D. Mass.); <u>SBO Pictures</u> v. <u>Does 1-41</u>, Civ. No. 12-10804 (D. Mass.); <u>Third World Media, LLC</u> v. <u>Does 1-21</u>, Civ. No. 12-10947 (D. Mass.); <u>PW Productons, Inc.</u> v. <u>Does 1-19</u>, Civ. No. 12-10814 (D. Mass.); <u>Paradox Pictures</u> v. <u>Does 1-20</u>, Civ. No. 12-10815 (D. Mass.).

November 2, 2012), which addresses substantially all of the arguments raised by plaintiff.  The Court concludes that, for the same reasons, joinder is neither proper under Rule 20(a), nor advisable under Rule 20(b), and will exercise its discretion under Rule 21 and sever all John Does except John Doe #1.

I. **Background**

Plaintiff, Media Products, Inc. ("MPI"), is a California corporation and the owner of the copyright for the pornographic motion picture at issue in his Complaint.  Plaintiff avers that each of the 175 Doe defendants has infringed plaintiff's copyright by "reproduc[ing] and/or distribut[ing] to the public, at least a substantial portion of the Motion Picture."  Plaintiff alleges that other infringers using defendants' Internet accounts through "peer to peer" network BitTorrent also have illegally reproduced the copyrighted work. Id.  The Doe defendants are unknown to plaintiff, other than by the IP address assigned to him or her by an Internet Service Provider ("ISP").

As detailed in the New Sensations, Inc. decision, plaintiff alleges that the "Doe" defendants are part of the same "swarm" of BitTorrent users, meaning that the version of the copyrighted work illegally downloaded by each "Doe" defendant may be traced to the same file.  As such, plaintiff contends that its claims against the "Doe" defendants ought to be joined because they arise from the same transaction.  Plaintiff also avers that the

175 "Doe" defendants identified are located within this judicial district.

## II. <u>Analysis</u>

This Court joins in the reasoning set down by Judge Saylor in <u>New Sensations, Inc.</u> and concludes that joinder of Does 2 - 175 is neither proper nor advisable under Rule 20. <u>See</u> 2012 WL 5389921, at *2-5.  To paraphrase that analysis but render it relative to this case:

> (1) because many "Doe" defendants participating in the "swarm" are outside the district, in practice it would be difficult to prove that each "Doe" defendant joined here actually uploaded or downloaded a piece of the copyrighted work from even one of the other "Doe" defendants joined, and therefore plaintiff cannot prove that each defendant is not merely committing the same infringing activity in the same way, as Judge Spero found insufficient in <u>Hard Drive Productions, Inc.</u> v Does 1- 188, 809 F. Supp. 2d 1150, 1157 (N.D. Cal. 2011);
>
> (2) the "Doe" defendants are likely to have distinct defenses based upon "particular operative facts," suggesting that under the "aggregate facts" test sometimes employed joinder is also improper;
>
> (3) those distinct defenses will result in multiple "mini-trials" within the same case that reduce or eliminate the judicial resources saved by joining them in the same action; and
>
> (4) plaintiff has other legal or technological protections that it can pursue against "Doe" defendants 2 - 175 after they are severed, such that plaintiff's "piracy wins" policy argument is unpersuasive.

**ORDER**

In accordance with the foregoing, the claims against all of the "Doe" defendants are severed and all claims, except those against "Doe #1," are hereby **DISMISSED without prejudice.**

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated May 21, 2013